William c. Demas, Esquire (0142920)
John v. Tucker, Esquire
TUCKER DISABILITY LAW, P.A.
Attorneys for Plaintiff
5235 16th St. North
St. Petersburg, FL  33703
Tel.:    (727) 572-5000
Fax:    (727) 571-1415
demas@tuckerdisbility.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

RYAN MACKEY,                                                                         CASE#  1:22-cv-7072

                          Plaintiff,                                                 **COMPLAINT**

                     -against-                                                       ECF CASE

LIFE INSURANCE COMPANY OF NORTH
AMERICA

                          Defendant.
-----------------------------------------------------------------------X

## COMPLAINT

The Plaintiff, RYAN MACKEY (MACKEY), sues Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA (LINA), and states:

### Jurisdiction and Venue

1.       This is an action for relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et. seq.

2.       This Court has jurisdiction pursuant to ERISA § 502, 29 U.S.C. §1132.

3.       LINA is an insurance company licensed to transact business in New York, which is or was at all relevant times engaged in business in this District.

4. Venue is proper in this District pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the Defendant is located within this District.

5. MACKEY was an employee of MCLEOD HEALTH (MCLEOD) before he was unable to work.

6. MCLEOD is the Plan Sponsor of an employee benefit plan providing disability benefits to its employees (the Plan).

7. At all relevant times, MACKEY is and/or was a participant in the Plan incident to his employment.

8. Venue is proper within this District.

**Standard of Review Applicable to this ERISA Action**

9. MCLEOD funded its Plan by purchasing a group policy of insurance (Policy # VDT-980083) issued by LINA. A copy of the Long Term Disability policy is attached hereto as Exhibit "A".

10. LINA made benefits determinations under the group policy it issued, including the determination made on Plaintiff's claim.

11. The Plan's terms do not grant discretionary authority to LINA. Alternatively, the Plan Administrator or Plan Sponsor did not properly delegate discretion to LINA.

12. The Long Term Disability group policy was drafted in its entirety by LINA.

13. The Long Term Disability group policy is a contract of adhesion.

14. MCLEOD and LINA use the group insurance policy issued by LINA (Exhibit A) as both the Plan document and policy language.

15. No other plan documents exist other than the group insurance policy (Exhibit A).

16. No originating plan document exists that instituted the Plan.

17. No originating plan document or other document exists in which LINA reserved any discretionary authority to itself in relation to the Plan.

18. The employees or agents of MCLEOD and LINA did not discuss or correspond about the existence, meaning, or significance of delegating discretionary authority from MCLEOD to LINA.

19. At the inception of the Plan, MCLEOD did not retain to itself the authority to delegate discretionary authority of any type to an insurance company from which it was to purchase an insurance policy to fund the Plan.

20. At the time it purchased the Long Term Disability group insurance policy from LINA, MCLEOD did not have any discretionary authority which it could delegate to an insurance company.

21. There is no mention of any delegation of discretion to LINA within the four corners of the Long Term Disability group insurance policy which funds the Plan.

22. LINA was not delegated discretionary authority such that its claim decision is entitled to a discretionary or arbitrary and capricious standard of review, because of one or more of the following:

a) MCLEOD never had the authority to delegate discretion to LINA following the inception of its disability plan;

b) Discretionary authority is a material concept that MCLEOD never discussed or negotiated with LINA;

c) The Long Term Disability group insurance policy is a contract of adhesion drafted entirely by the funding source company which cannot inject discretion into the plan for the first time;

d) If it had the power to delegate discretion, MCLEOD did not properly delegate discretionary authority over claims decisions to LINA.

23. De novo review applies to this action.

24. To the extent that this court determines that de novo review does not apply to this action, LINA pays claims from its general assets as the claims decision maker and funder of the group insurance policy, and LINA operates under a conflict of interest.

25. LINA is the Plan's claims administrator; handling claims under the insurance policy.

26. Any claims paid under the Long Term Group Insurance Policy, are paid by LINA entirely from LINA's assets.

27. No assets of MCLEOD are used to pay claims under the Long Term Disability group insurance policy.

### Claim for Disability Benefits Under the Plan

28. MACKEY stopped working on June 16, 2020, because of the following medical conditions: pulmonary emphysema, sarcoidosis, chronic deep vein thrombosis, sleep apnea, knee effusion, chronic pain syndrome, cervical spondylosis, cervical stenosis of the spine, osteoarthritis of the right shoulder, supraspinatus tendon tear, lymphedema, and bilateral lower extremity edema.

29. At all relevant times, a Plan participant is and was eligible to receive Long Term Disability benefits when the participant meets the following definition stated in the group insurance policy funding the Plan:

> Definition of Disability/Disabled:
> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
> 1. unable to perform the material duties of his or her Regular Occupation; and
> 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
>
> After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
> 1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training, or experience; and

2. unable to earn 80% or more of his or her Indexed Earnings.

30. MACKEY applied for and was approved for Short Term Disability.

31. MACKEY applied for Long Term Disability benefits under the Plan.

32. LINA denied MACKEY's claim for Long Term Disability benefits on May 13, 2021.

33. The basis for LINA's initial denial was that MACKEY did not meet the Plan's definition of disability because it claimed MACKEY'S conditions did not convey that MACKEY was disabled from performing his regular occupation.

34. MACKEY submitted a timely appeal of the denial of benefits to LINA on November 9, 2021.

35. At all relevant times, MACKEY met the terms of the Plan's definition of "disabled."

36. MACKEY was hired as a Director of Medical Surgical in October 2018. This position requires MACKEY to supervise other nurses while also covering direct patient care when needed.

37. At the beginning of June 2020, MACKEY noticed his several physical conditions had been interfering with his ability to perform his job and ensure patient safety. He had been experiencing pain in his right knee, as well as swelling, pain, and bruising in both of his legs, fatigue, and exertional intolerance. All these symptoms were exacerbated by providing direct patient care.

38. On August 12, 2020, after experiencing a near syncopal episode in July 2020, MACKEY saw cardiologist, Olujide Lawal, M.D., still complaining of shortness of breath on exertion. He underwent a stress test which was abnormal.

39. MACKEY'S pain in his neck, right knee, and both of his legs cause him to have difficulty in performing his activities of daily living, and even staying asleep.

40. MACKEY's chronic pain syndrome, joint pain, stiffness, swelling, causes difficulty to walk and an inability to stand for long periods. Currently, he is not able to frequently stand or walk due to this condition without the help of his cane.

41. The combination of MACKEY's conditions keeps him from performing any sedentary occupation, especially any occupation in the medical field.

42. On August 4, 2021, Mackey underwent a Functional Capacity Evaluation with Philip Lowe, P.T., where Mr. Lowe determined MACKEY's optimal work capacity was below a sedentary physical demand level.

43. MACKEY's treating providers have not issued a release to return to work.

44. MACKEY has met the definition of total disability based upon objective restrictions and limitations stemming from objective medical evidence and conditions.

45. On April 12, 2022, LINA upheld its original decision and denied MACKEY's appeal, stating that the evidence submitted with the appeal did not support the presence of ongoing functional impairment beyond June 17, 2020.

46. LINA has refused to pay the benefits sought by MACKEY and as grounds for such refusal has alleged that Plaintiff does not meet the definition of disability in the Plan.

47. With respect to all claims made herein, MACKEY has exhausted all administrative/pre-suit remedies.

48. MACKEY is entitled to certain benefits under the Plan consisting of benefits for Long Term Disability from December 14, 2020, through the date of filing this action.

49. MACKEY elected the Optional Benefit coverage under the plan thereby his gross disability benefit is paid at 60% of his monthly covered earnings.

50. MACKEY's gross disability benefit is $4,729.00 per month.

51. There are 19.5 months of past-due monthly benefit payments owed through the date of filing this action

52. LINA has deprived MACKEY of the aggregate sum of $92,215.50

53. Plaintiff is entitled to benefits herein because:

    a.    The benefits are permitted under the Plan.

    b.    Plaintiff has satisfied all conditions to be eligible to receive the benefits.

    c.    Plaintiff has not waived or relinquished entitlement to the benefit.

54.    Each monthly benefit payment owed is a liquidated sum and became liquidated on the date the payment was due and payable.  Plaintiff seeks prejudgment interest on each such payment.

55.    Pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), MACKEY is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA.  Plaintiff has been required to obtain the undersigned attorney to represent him in this matter and has agreed to a reasonable attorney fee as compensation to him for his services.

WHEREFORE, the Plaintiff, RYAN MACKEY, asks this Court to enter judgment against the Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA, a corporation, finding that:

(1)    The Plaintiff is entitled to Long Term Disability benefits from December 14, 2020, through the filing of this lawsuit; and

(2)    The Plaintiff must be awarded benefits in the amount not paid to the Plaintiff from December 14, 2020, to the date of filing this lawsuit total of $92,215.50 together with prejudgment interest at the legal rate on each monthly payment from the date it became due until the date it is paid; and

(3)    The Plaintiff must be awarded reasonable attorney fees and costs incurred in this action; and

(4)    For such other and further relief as this Court deems just and proper, including but not limited to:

a. a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court, without need to file a new application for benefits, and

b. remanding Plaintiff's claim to the Plan Administrator for further action to address continuing benefits after the final date of benefits awarded by this Court, and

c. ordering Defendant to advise Plaintiff's former employer or any other necessary entity that benefits in this action were properly paid through the date of this Court's Order awarding benefits for purposes of coordinating or reinstating any ancillary benefits which should properly be paid or for which coverage should be awarded as a result of Plaintiff's receipt of disability benefits under the Plan.

Dated: New York, New York
August 19, 2022

     /s/ William C. Demas
WILLIAM C. DEMAS, ESQUIRE
JOHN V. TUCKER, ESQUIRE
TUCKER DISABILITY LAW, P.A.
5235 16th St. North
St. Petersburg, FL 33703
(727) 572-5000
demas@tuckerdisbility.com